RECEIPT # 55433
AMOUNT $ 160
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 4/21/04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

MARKEL AMERICAN INSURANCE COMPANY

Vs.   C.A. No. 04-
MAGISTRATE JUDGE _____

ROBERT MADONNA

04 10795 MLW

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and for its Complaint seeking this Court's Declaratory Judgment would respectfully state as follows:

#### JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties under a contract of marine insurance.

2. Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance alleged to have been delivered by Plaintiff to the alleged insured named therein, the Defendant ROBERT MADONNA, residing at 741 Seaview Avenue, Osterville, Massachusetts 02655.

3. This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4. Plaintiff MARKEL AMERICAN INSURANCE COMPANY (hereinafter "MARKEL") is a corporation organized and existing under the laws of the State of Illinois, with

562595v1

its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

5. Upon information and belief, the Defendant ROBERT MADONNA (hereinafter "MADONNA") is a United States citizens and a resident of Massachusetts.

## FACTUAL ALLEGATIONS

6. On or about December 11, 2003, Plaintiff "MARKEL" received a Notice of Claim from a marine insurance broker acting as the designated agent for the Defendant "MADONNA."

7. The said Notice of Claim made reference to a 2003 42 ft Tiara sailing yacht allegedly owned by the Defendant "MADONNA," and purported to inform "MARKEL" that the said vessel had been rendered a constructive total loss as a result of a fire at the yacht yard where the said vessel had been stored.

8. The said Notice of Claim asserted that Plaintiff "MARKEL" provided an agreed value policy of Hull & Machinery insurance to the Defendant "MADONNA" with reference to the said vessel in the amount of $697,000.00.

9. After receiving the Notice of Claim on or about December 11, 2003, Plaintiff caused an investigation to be conducted into the facts and circumstances surrounding he claim and the alleged placement of the coverage.

10. Reviewing its files and records, the Plaintiff "MARKEL" was unable to locate any document which would support the contention that it had ever agreed to insure the vessel owned by the Defendant "MADONNA," or that Plaintiff had ever issued any policy of marine insurance to the Defendant for the said vessel.

11. Plaintiff "MARKEL" responded to the Defendant "MADONNA" and to the said Defendant's agent, asserting that no policy of marine insurance had ever been issued providing

coverage for the 2003 42 ft Tiara sailing yacht which was the subject of the said Defendant's Notice of Claim.

## FIRST CAUSE OF ACTION

12. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 11 as if set forth fully herein.

13. Having concluded that it never agreed to issue any policy of marine insurance with respect to the 2003 42 ft Tiara sailing yacht which was the subject of the Defendant's Notice of Claim, Plaintiff issued a denial of the said claim.

14. A true and correct copy of Plaintiff's letter dated December 12, 2003 denying the Defendant's claim is attached hereto as Exhibit "A."

15. Notwithstanding the fact that Plaintiff's never at any time agreed to issue any policy of marine insurance affording coverage for the 2003 42 ft Tiara sailing yacht which was the subject of the Defendant's Notice of Claim, the Defendant has continued to make demand upon Plaintiff, and has threatened legal action against Plaintiff, for payment of what the Defendant alleges is the full insured value of the said vessel in the amount of $697,000.

16. As a result of the Defendant's demands for payment under the alleged terms of a non-existent policy of marine insurance, notwithstanding that such demand and any claim associated therewith is not the subject of any policy of marine insurance issued by the Plaintiff "MARKEL," Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the lack of coverage afforded under the terms of any such policy. Until such time as Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the alleged policy.

17. As a result of the Defendant's demands under the terms of the policy of marine insurance referenced herein, and as a result of the Defendants aforesaid demands for indemnification despite Plaintiff's contention that no such policy exists or was ever agreed to, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a <u>bona fide</u>, actual and present dispute exists calling for this Court's declaratory judgment.

## SECOND CAUSE OF ACTION

18. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 11 as if set forth fully herein.

19. The program under which the Defendant's agent allegedly sought to insure the 2003 42 ft Tiara sailing yacht which was the subject of the Defendant's Notice of Claim, provides that the maximum hull value for any vessel being proposed for coverage thereunder cannot exceed an absolute maximum of $500,000.00.

20. The agent/broker acting as the designated agent for the Defendant "MADONNA" was at all times material hereto familiar with an aware of the parameters and the terms of the marine insurance program referred to, <u>supra</u>.

21. If agent/broker acting as the designated agent for the Defendant "MADONNA" had at any time sought or attempted to submit an application for a quote or for coverage under the Plaintiff "MARKEL's" marine insurance program, disclosure of the value of the Defendant's 2003 42 ft Tiara sailing yacht in the amount of $697,000.00 would have resulted in a refusal to issue a quote and a rejection of any coverage.

22. Notwithstanding the fact that Plaintiff could not have issued any quote or any policy of marine insurance for the 2003 42 ft Tiara sailing yacht with a value of $697,000.00 owned by the Defendant "MADONNA," the said Defendant has continued to make demand upon

Plaintiff, and has threatened legal action against Plaintiff, for payment of what the Defendant alleges is the full insured value of the said vessel in the amount of $697,000.

23. As a result of the Defendant's demands for payment under the alleged terms of a non-existent policy of marine insurance, notwithstanding that such demand and any claim associated therewith is not the subject of any policy of marine insurance issued by the Plaintiff "MARKEL," Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the lack of coverage afforded under the terms of any such policy. Until such time as Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the alleged policy.

24. As a result of the Defendant's demands under the terms of the policy of marine insurance referenced herein, and as a result of the Defendants aforesaid demands for indemnification despite Plaintiff's contention that no such policy exists or was ever agreed to, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a _bona fide_, actual and present dispute exists calling for this Court's declaratory judgment.

**WHEREFORE, Plaintiff demands Judgment from the Court:**

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident reported on or about December 11, 2003 in which the insured vessel is alleged to have been damaged or destroyed by fire;

(B) Declaring that Plaintiff does not afford coverage to the Defendant as regards the incident reported on or about December 11, 2003 in which the insured vessel is alleged to have been damaged or destroyed by fire;

(C) Declaring that no policy of marine insurance was ever issued by the Plaintiff which would afford coverage to the Defendant for 2003 42 ft Tiara sailing yacht with a value of $697,000.00;

(D) Declaring that Plaintiff's marine insurance program would not have permitted the issuance of any policy affording coverage for the 2003 42 ft Tiara sailing yacht with a value of $697,000.00 had Defendant made full disclosure of material facts;

(E) Any and all such other and further relief as the Court may deem proper and appropriate in the premises.

Dated: April 21, 2004
Boston, Massachusetts

MARKEL AMERICAN INSURANCE COMPANY
By its Attorneys,

Lauren Motola-Davis         # 638561
Michael T. Farley           # 640593
**MORRISON, MAHONEY & MILLER, LLP**
One Providence Washington Plaza, 6th Floor
Providence, RI 02903-7141
(401) 331-4660    Fax: 621-4660


GOLDMAN & HELLMAN
Attorneys for Plaintiff
315 S.E. 7th Street
Suite 200
Fort Lauderdale, Florida 33301
(954) 356-0460