FILED
UNITED STATES DISTRICT COURT CLERKS OFFICE
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY                    2004 JUN 23 P 12: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY,<br>        Plaintiff,<br><br>v.<br><br>ROBERT MADONNA,<br>        Defendant<br><br>and<br><br>ROBERT MADONNA,<br>        Plaintiff-in-Counterclaim<br><br>v.<br><br>MARKEL AMERICAN INSURANCE COMPANY and CAPE WIDE INSURANCE AGENCY, INC.<br>        Defendants-in Counterclaim | CIVIL ACTION No. 04-CV-10795-MLW |

## ANSWER AND COUNTERCLAIM

The Defendant Robert Madonna ("Madonna") hereby responds to the Amended Complaint against him by the Plaintiff Markel American Insurance Company ("Markel") as follows.

1. No answer is required to this paragraph of the Complaint.

2. Madonna admits the factual allegations of this paragraph. As to the legal conclusions, no answer thereto is required.

3. No answer is required to this paragraph of the Complaint.

4. On information and belief, Madonna admits the allegations of this paragraph.

1

5.  Madonna admits the allegations of this paragraph.

6.  Madonna has no knowledge as to the date on which Markel received any Notice of Claim. In addition, Madonna states that the Notice of Claim referred to by the Plaintiff in this paragraph was submitted by an investigator retained by the errors and omission carrier (the "E&O Investigator") for Cape Wide Insurance Agency, Inc. ("Cape Wide"). As to other allegations contained in this paragraph, Madonna has no knowledge as to the truth or falsity of the allegations and calls upon Plaintiff to prove the same.

7.  Madonna states that he did not authorized anyone to make a claim on his behalf for loss to a 2003 42 foot Tiara (the "Tiara"), since that vessel was not destroyed in the yacht yard fire. Further answering Madonna states that the E&O Investigator investigating the status of insurance coverage for a 2000 30 foot Crosby Hawk (the "Crosby") destroyed in the yacht yard fire initially operated under the misapprehension that the Tiara was destroyed rather than the Crosby. Madonna's counsel informed him of his error as soon as he became aware of it, and upon information and belief, the E&O Investigator corrected his filings with Markel in response.

8.  Madonna denies that he or any authorized agent on his behalf submitted any such Notice of Claim. Madonna has no knowledge as to the truth or falsity of the remaining allegations contained in this paragraph and calls upon Plaintiff to prove the same.

9.  Madonna has no knowledge as to the truth or falsity of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

10. Madonna has no knowledge as to the truth or falsity of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

11. Madonna denies that Markel dealt with any agent for Madonna. Madonna states

that the vessel destroyed in the fire and insured or to have been insured by Markel was the Crosby, not the Tiara. As to communications between Markel and the E&O Investigator, Madonna has no knowledge as to their truth or falsity of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

12. Madonna admits that the E&O Investigator corrected his communications with Markel to reflect that it was the Crosby which had been destroyed in the fire. Madonna denies that this occurred subsequently to Markel's denial of coverage on the Tiara. Madonna further denies that he has in any way "retreated" from his claim.

13. Madonna has no knowledge as to the truth or falsity of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

14. Madonna has no knowledge as to the truth or falsity of the allegations contained in this paragraph and calls upon Plaintiff to prove the same.

15. Madonna repeats and realleges his answers to the previous paragraphs of the Complaint.

16. Madonna has no knowledge as to the truth or falsity of the allegations contained in this paragraph in so far as they relate to the Plaintiff's conclusions and calls upon Plaintiff to prove the same. Madonna admits that the Plaintiff is purporting to deny coverage as to the Crosby.

17. Madonna denies that Plaintiff has ever denied coverage for the Crosby. Madonna admits it is making claim for coverage of his loss.

18. Madonna denies the allegations of this paragraph. Madonna specifically denies that Markel has sustained any actual prejudice.

19. Madonna denies that an actual controversy exists because Markel has never issued a coverage decision, nor even conducted an investigation, as to the claim for the loss of the Crosby.

## AFFIRMATIVE DEFENSES

1. The complaint should be dismissed for failure to state a claim upon which relief can be granted.

2. The complaint should be dismissed for lack of subject matter jurisdiction.

3. The complaint should be dismissed for failure to join a party under Fed. R. Civ. P. 19.

4. The plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

5. The plaintiff's claims are barred by the agreements between the parties.

6. The claims for declaratory judgment are premature and should be dismissed because Plaintiff denies that actual controversy exists because Markel has never issued a coverage decision, nor even conducted an investigation, as to the claim for the loss of the Crosby.

Wherefore the Defendant Robert Madonna prays that Amended Complaint be dismissed and/or that this Court declare that the loss of the 2000 30 foot Crosby Hawk was covered by insurance issued by the Plaintiff.

## COUNTERCLAIM

1. The Plaintiff-in-Counterclaim Robert Madonna ("Madonna") is an individual residing in Osterville, Barnstable County Massachusetts.

2. The Defendant-in-Counterclaim Markel American Insurance Company

("Markel") is an Illinois corporation with a principal place of business in Waukesha, Wisconsin.

3. The Defendant-in-Counterclaim Cape Wide Insurance Agency, Inc. ("Cape Wide") is a Massachusetts corporation with a usual place of business in West Chatham, MA.

4. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §1333, and/or 28 U.S.C. §1367.

5. Commencing in 2001, Madonna had purchased marine insurance on his vessels through the Cape Wide Agency. Cape Wide in turn had placed the insurance with Markel.

6. In or around June of 2003, Madonna purchased a 2003 42-foot Tiara (the "Tiara") from Oyster Harbors Marine and a 2000 30-foot Crosby Hawk (the "Crosby") from Crosby Yacht Yard, Inc. (the "Yacht Yard").

7. In connection with the purchases of the Tiara and the Crosby, Madonna's insurance agent, Cape Wide, was asked to undertake such steps as required so that the Tiara and Crosby were properly insured.

8. Cape Wide agreed to do so and Madonna relied on its expertise to obtain the requisite insurance.

9. Madonna is informed and therefore believes that Cape Wide promptly notified Markel by fax of Madonna's new boat purchases and asked them to substitute the Tiara and the Crosby for the boats Markel had been insuring. Copies of Cape Wide's alleged notifications to Markel are attached hereto as Exhibits "A" and "B," respectively.

10. Madonna has been informed that Markel denies that it ever received the requests by Cape Wide concerning the provision of insurance on the Tiara and the Crosby.

11. Madonna relied on Cape Wide to properly insure the Tiara and the Crosby.

12. On or about December 10, 2003, in connection with a fire at the Yacht Yard in Osterville, Massachusetts, the Crosby was totally destroyed. The Crosby had a value of approximately $284,000 at the time of its loss.

13. Madonna sought to make a claim for the loss of the Crosby on his Markel insurance through Cape Wide.

14. Madonna has since learned that Markel is denying it ever received notification from Cape Wide to insure the Crosby.

### Count I:
### Claim against Markel on the Policy of Insurance

15. Madonna repeats and realleges the allegations of the previous paragraphs of the Counterclaim.

16. Upon information and belief, Markel was properly notified by Cape Wide to change the identity of the vessels Markel insured for Madonna to the Tiara and the Crosby.

17. Markel duly received premiums for such policy of insurance.

18. Markel is obligated to Madonna under said policy of insurance for the loss of the Crosby.

### Count II:
### Claim for Negligence against Markel

19. Madonna repeats and realleges the allegations of the previous paragraphs of the Counterclaim.

20. Markel negligently failed to issue marine insurance insuring the Crosby owned by Madonna.

21. As a direct and proximate result of said negligence, Madonna sustained damages.

### Count III:
### Claim for Breach of Contract Against Cape Wide

22. Madonna repeats and realleges the allegations of the previous paragraphs of the Counterclaim.

23. Cape Wide agreed to take such steps as necessary to obtain marine insurance on the Tiara and the Crosby for the benefit of Madonna.

24. Cape Wide purported to obtain such insurance.

25. Madonna relied on Cape Wide's expertise and experience with regard to the obtaining of insurance on the vessels in question.

26. Upon information and belief, Cape Wide failed to ensure that a policy of marine insurance insuring the Crosby was obtained,

27. As a result of Cape Wide's breach of contract, Madonna sustained damages of $284,000.

### Count IV:
### Claim for Negligence Against Cape Wide

28. Madonna repeats and realleges the allegations of the previous paragraphs of the Counterclaim.

29. Cape Wide negligently failed to obtain marine insurance, insuring the Crosby.

30. As a direct and proximate result of said negligence, Madonna sustained damages of $284,000.

### Count V:
### Claim for Violation of G. L c. 93A against Markel

31. Madonna repeats and realleges the allegations of the previous paragraphs of the Counterclaim.

32. Markel has engaged in unfair claim settlement practices in violation of G.L. c. 176D, by, inter alia, failing to acknowledge Madonna's claim, failing to properly investigate his claim, causing Madonna's claim to be litigated and otherwise not conforming to its legal obligations.

33. Markel's actions constitute unfair and deceptive acts and practices in violation of G.L c. 93A.

34. Upon information and belief, such unfair and deceptive acts and practices were knowing and willful violations of G.L c. 93A.

Wherefore the Defendant, Plaintiff-in-Counterclaim Robert Madonna prays that it be granted a Judgment against the Defendants-in-Counterclaim Markel American Insurance Company and Cape Wide Insurance Agency, Inc. for all damages sustained by him on account of the loss of the 2000 30 foot Crosby Hawk, plus interest and costs, and also as treble damages and attorneys' fees for any violation of G. L. c. 93A by the Defendant-in-Counterclaim Markel.

Robert Madonna,
By his attorneys

Richard E. Gentilli, BBO# 189080
Thomas M. Looney, BBO# 555040
Bartlett Hackett Feinberg, PC
10 High Street, Suite 920
Boston, Massachusetts 02110
(617) 422-0200

I, Richard E. Gentilli, hereby certify that I served a copy of the foregoing on all counsel of record by first class mail, this 23 day of June, 2004.

Richard E. Gentilli