UNITED STATES DISTRICT COURT OFFICE.
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

2004 JUN 21 P 2:59

U.S. DISTRICT COURT
DISTRICT OF MASS.

MARKEL AMERICAN INSURANCE
COMPANY,

        Plaintiff,

                           CASE NO. 04-CV-10795-MLW

vs.


ROBERT MADONNA,

        Defendant.
_____/

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

    COMES NOW the Plaintiff, MARKEL AMERICAN INSURANCE COMPANY, by and through its undersigned attorneys, and for its Amended Complaint seeking this Court's Declaratory Judgment, served as of right pursuant to Fed. R. Civ. Proc. 15(a) as no responsive pleading has yet been filed, would respectfully state as follows:

#### JURISDICTION AND VENUE

    1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201 et seq, in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties under a contract of marine insurance.

    2.    Venue lies within the District of Massachusetts as this cause arises out of a policy of marine insurance alleged to have been delivered by Plaintiff to the alleged insured named therein, the Defendant ROBERT MADONNA, residing at 741 Seaview Avenue, Osterville, Massachusetts 02655.

    3.    This is an admiralty and maritime cause within the

meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.    Plaintiff    MARKEL    AMERICAN    INSURANCE    COMPANY (hereinafter "MARKEL") is a corporation organized and existing under the laws of the State of Illinois, with its office and principal place of business located at N14 W23833 Stone Ridge Drive, Waukesha, Wisconsin 53188.

5.    Upon information and belief, the Defendant ROBERT MADONNA (hereinafter "MADONNA") is a United States citizens and a resident of Massachusetts.

## FACTUAL ALLEGATIONS

6.    On or about December 11, 2003, Plaintiff "MARKEL" received a Notice of Claim from a marine insurance broker acting as the designated agent for the Defendant "MADONNA."

7.    The said Notice of Claim made reference to a 2003 42 ft Tiara sailing yacht allegedly owned by the Defendant "MADONNA," and purported to inform "MARKEL" that the said vessel had been rendered a constructive total loss as a result of a fire which was alleged to have taken place on or about December 10, 2003 at the yacht yard where the said vessel had been stored.

8.    The said Notice of Claim asserted that Plaintiff "MARKEL" provided an agreed value policy of Hull & Machinery insurance to the Defendant "MADONNA" with reference to the said vessel in the amount of $697,000.00.

9.    After receiving the Notice of Claim on or about

December 11, 2003, Plaintiff caused an investigation to be conducted into the facts and circumstances surrounding he claim and the alleged placement of the coverage.

10.   Reviewing its files and records, the Plaintiff "MARKEL" was unable to locate any document which would support the contention that it had ever agreed to insure the vessel owned by the Defendant "MADONNA," or that Plaintiff had ever issued any policy of marine insurance to the Defendant for the said vessel.

11.   Plaintiff "MARKEL" responded to the Defendant "MADONNA" and to the said Defendant's agent, asserting that no policy of marine insurance had ever been issued providing coverage for the 2003 42 ft Tiara sailing yacht which was the subject of the said Defendant's Notice of Claim.

12.   Subsequently, the Defendant has amended its claim to retreat from it contention that the aforesaid 2003 42 ft Tiara sailing yacht been involved in any type of incident on or about December 10, 2003. Rather, it is now the Defendant's contention that the vessel that involved in the fire that allegedly took place on or about December 10, 2003 was 2000 29 ft Crosby Hawk power vessel.

13.   After receiving correspondence from the Defendant's representatives dated April 6, 2004 alleging that the vessel that involved in the fire that allegedly took place on or about December 10, 2003 was 2000 29 ft Crosby Hawk power vessel, Plaintiff yet again caused an investigation to be conducted into the facts and circumstances surrounding he claim and the alleged placement of the coverage.

14. After yet again reviewing its files and records, the Plaintiff "MARKEL" was unable to locate any document which would support the contention that it had ever agreed to insure the 2000 29 ft Crosby Hawk power vessel owned by the Defendant "MADONNA," or that Plaintiff had ever issued any policy of marine insurance to the Defendant for the said vessel.

### FIRST CAUSE OF ACTION

15. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 6 through 14 as if set forth fully herein.

16. Having concluded that it never agreed to issue any policy of marine insurance with respect to the 2000 29 ft Crosby Hawk power vessel which is now the subject of the Defendant's claim, Plaintiff has denied the said claim.

17. Notwithstanding the fact that Plaintiff's never at any time agreed to issue any policy of marine insurance affording coverage for the 2000 29 ft Crosby Hawk power vessel which is the subject of the Defendant's claim, the Defendant has continued to make demand upon Plaintiff, and has threatened legal action against Plaintiff, for payment of what the Defendant alleges is the full insured value of the said vessel in the amount of $283,959.00.

18. As a result of the Defendant's demands for payment under the alleged terms of a non-existent policy of marine insurance, notwithstanding that such demand and any claim

associated therewith is not the subject of any policy of marine insurance issued by the Plaintiff "MARKEL," Plaintiff has sustained actual prejudice and seeks this Court's declaratory judgment regarding the lack of coverage afforded under the terms of any such policy. Until such time as Plaintiff is able to have its rights and responsibilities construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the alleged policy.

19. As a result of the Defendant's demands under the terms of the policy of marine insurance referenced herein, and as a result of the Defendants aforesaid demands for indemnification despite Plaintiff's contention that no such policy exists or was ever agreed to, a real and justiciable issue exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's declaratory judgment.


WHEREFORE, Plaintiff demands Judgment from the Court:

(A) Declaring that the relationship of insurer and insured does not exist between Plaintiff and Defendant as regards the incident which is alleged to have occurred on or about December 10, 2003 in which the insured vessel is alleged to have been damaged or destroyed by fire;

(B) Declaring that Plaintiff does not afford coverage to the Defendant as regards the incident which is alleged to have occurred on or about December 11, 2003 in which the vessel owned by the Defendant is alleged to have been damaged or destroyed by

fire;

    (C)  Declaring that no policy of marine insurance was ever issued by the Plaintiff which would afford coverage to the Defendant for the 2000 29 ft Crosby Hawk power vessel;

    (D)  Any and all such other and further relief as the Court may deem proper and appropriate in the premises.


Dated:     June      , 2004
            Boston, Massachusetts


                  MARKEL AMERICAN INSURANCE COMPANY
                  By its Attorneys


                  _____
                  Lauren Motola-Davis    #638561
                  Michael T. Farley      #640593
                  MORRISON, MAHONEY & MILLER, LL
                  One Providence Washington Plaza 6th Floor
                  (401) 331-4660 Fax 621-4660


                  GOLDMAN & HELLMAN
                  Attorneys for Plaintiff
                  315 S.E. 7th Street
                  Suite 200
                  Fort Lauderdale, Florida 33301
                  (954) 356-0460

## CERTIFICATE OF MAILING

This is to certify that a copy of the foregoing document has been sent via first class mail, this 16th day of June, 2004, to the following counsel of record:

Richard E. Gentilli, Esq.
Bartlett Hackett Feinberg, P.C.
10 High Street, Suite 920
Boston, MA  02110