UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

No. 04-CV-10795-MLW

| | |
|---|---|
| Markel American Insurance Company,<br>PLAINTIFF | )<br>)<br>) |
| vs. | )<br>) |
| Robert Madonna,<br>DEFENDANT/<br>PLAINTIFF-IN-COUNTERCLAIM | )<br>)<br>)<br>) |
| vs. | )<br>) |
| Markel American Insurance Company<br>and Cape Wide Insurance Agency,<br>Inc.,<br>DEFENDANTS-IN-COUNTERCLAIM | )<br>)<br>)<br>) |

ANSWER OF DEFENDANT-IN-COUNTERCLAIM CAPE WIDE
INSURANCE AGENCY, INC. TO COUNTERCLAIM OF
PLAINTIFF-IN-COUNTERCLAIM, ROBERT MADONNA

First Defense

1. The defendant-in-counterclaim Cape Wide Insurance Agency, Inc. ("Cape Wide") admits the allegations contained in paragraph 1.

2. The defendant-in-counterclaim Cape Wide is without knowledge of the location of the state where the defendant-in-counterclaim Markel American Insurance Company is incorporated. The defendant-in-counterclaim Cape Wide admits that Markel American Insurance Company does business in Waukesha, Wisconsin.

3. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 3.

4. The defendant-in-counterclaim Cape Wide need not respond to this allegation as it is a statement of law.

5. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 5.

6. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 6.

7. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 7.

8. The defendant-in-counterclaim Cape Wide admits that it agreed to change coverages for the plaintiff-in-counterclaim's boats. The defendant-in-counterclaim Cape Wide is not aware of the state of mind of the plaintiff-in-counterclaim.

9. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 9.

10. The defendant-in-counterclaim Cape Wide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. The defendant-in-counterclaim Cape Wide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. The defendant-in-counterclaim Cape Wide admits that the plaintiff-in-counterclaim reported the fire of December 10, 2003, and that a Crosby boat was destroyed.

13. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 13.

14. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 14.

Count I

15. The defendant-in-counterclaim Cape Wide realleges and reavers its responses to the allegations contained in paragraphs 1 through 14 of the Counterclaim and incorporates the same herein.

16. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 16.

17. The defendant-in-counterclaim Cape Wide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18. The defendant-in-counterclaim Cape Wide need not respond as the allegation does not apply to it.

Count II

19. The defendant-in-counterclaim Cape Wide realleges and reavers its responses to the allegations contained in paragraphs 1 through 18 of the Counterclaim and incorporates the same herein.

20. The defendant-in-counterclaim Cape Wide need not respond as the allegation does not apply to it.

21. The defendant-in-counterclaim Cape Wide need not respond as the allegation does not apply to it.

Count III

22. The defendant-in-counterclaim Cape Wide realleges and reavers its responses to the allegations contained in paragraphs 1 through 21 of the Counterclaim and incorporates the same herein.

23. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 23.

24. The defendant-in-counterclaim Cape Wide admits the allegations contained in paragraph 24.

25. The defendant-in-counterclaim Cape Wide is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. The defendant-in-counterclaim Cape Wide denies the allegations contained in paragraph 26.

27. The defendant-in-counterclaim Cape Wide denies the allegations contained in paragraph 27.

Count IV

28. The defendant-in-counterclaim Cape Wide realleges and reavers its responses to the allegations contained in paragraphs 1 through 27 of the Counterclaim and incorporates the same herein.

29. The defendant-in-counterclaim Cape Wide denies the allegations contained in paragraph 29.

30. The defendant-in-counterclaim Cape Wide denies the allegations contained in paragraph 30.

<u>Count V</u>

31. The defendant-in-counterclaim Cape Wide realleges and reavers its responses to the allegations contained in paragraphs 1 through 30 of the Counterclaim and incorporates the same herein.

32. The defendant-in-counterclaim Cape Wide need not respond as the allegation does not apply to it.

33. The defendant-in-counterclaim Cape Wide need not respond as the allegation does not apply to it.

34. The defendant-in-counterclaim Cape Wide need not respond as the allegation does not apply to it.

And further answering:

<u>Second Defense</u>

The defendant-in-counterclaim Cape Wide states that the Counterclaim of the plaintiff-in-counterclaim fails to state a claim against it upon which relief can be granted.

<u>Third Defense</u>

The defendant-in-counterclaim Cape Wide states that if the plaintiff-in-counterclaim sustained damages as alleged in his Counterclaim, they were caused by the acts of a third person, which acts the defendant-in-counterclaim Cape Wide had no reason to anticipate and over which it had no control.

### Fourth Defense

The defendant-in-counterclaim Cape Wide states that the plaintiff-in-counterclaim was negligent, which negligence was greater than said defendant-in-counterclaim's negligence; and, therefore, the plaintiff-in-counterclaim is not entitled to recover as provided under the terms of G. L. c. 231, sec. 85A, as amended.

### Fifth Defense

The defendant-in-counterclaim Cape Wide states that if the plaintiff-in-counterclaim's negligence is less than its negligence, then any damages awarded to the plaintiff-in-counterclaim should be apportioned between the plaintiff-in-counterclaim and the defendant-in-counterclaim Cape Wide in the amounts proportional to the negligence attributable to each and under the terms and provisions of G. L. c. 231, sec. 85A, as amended.

### Sixth Defense

The defendant-in-counterclaim Cape Wide states that the plaintiff-in-counterclaim, by his conduct and actions, has waived any and all rights that he may have against it and, therefore, may not recover in this action.

### Seventh Defense

The defendant-in-counterclaim Cape Wide states that if the plaintiff-in-counterclaim sustained damages as alleged in

his Counterclaim, they were not proximately caused by any act of said defendant-in-counterclaim.

### Eighth Defense

The defendant-in-counterclaim Cape Wide states that the plaintiff-in-counterclaim, by his own actions, is estopped from making any claim against said defendant-in-counterclaim as alleged in his Counterclaim.

THE DEFENDANT-IN-COUNTERCLAIM CAPE WIDE INSURANCE AGENCY, INC. CLAIMS A TRIAL BY JURY IN THE ABOVE-ENTITLED MATTER.

By its Attorneys,

FOLAN & McGLONE, P.C.

By: _____
John F. Folan
B.B.O. No. 173300
Post Office Box 2095
New Bedford, Massachusetts 02741-20__

Tel. No. (508) 992-9800

Dated: July 20, 2004

CERTIFICATE OF SERVICE

I, John F. Folan of Folan & McGlone, P.C., counsel for the defendant-in-counterclaim Cape Wide Insurance Agency, Inc. in the above-entitled matter, hereby certify that on July 20, 2004, I mailed, postage prepaid, copies of the foregoing Answer to Counterclaim to the following counsel of record: Richard E. Gentilli, Esquire, Bartlett Hackett Feinberg, P.C., 10 High Street, Suite 920, Boston, Massachusetts 02110; Lauren Motola-Davis, Esquire, Michael T. Farley, Esquire, Morrison, Mahoney & Miller, LLP, 121 South Main Street, Providence, Rhode Island 02903; and Steven E. Goldman, Esquire, Goldman & Hellman, 1330 Beacon Street, Suite 314, Brookline, Massachusetts 02446.

_____
John F. Folan
Folan & McGlone, P.C.