UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

No. 04-CV-10795-JGD

| | |
|---|---|
| Markel American Insurance Company,<br>    PLAINTIFF | )<br>)<br>) |
| vs. | )<br>) |
| Robert Madonna,<br>    DEFENDANT/<br>    PLAINTIFF-IN-COUNTERCLAIM | )<br>)<br>)<br>) |
| vs. | )<br>) |
| Markel American Insurance Company<br>and Cape Wide Insurance Agency,<br>Inc.,<br>    DEFENDANTS-IN-COUNTERCLAIM | )<br>)<br>)<br>) |
| AND | )<br>) |
| Cape Wide Insurance Agency, Inc.,<br>    DEFENDANT-IN-COUNTERCLAIM/<br>        THIRD-PARTY PLAINTIFF | )<br>)<br>) |
| vs. | )<br>) |
| Crosby Yacht Yard, Inc.,<br>    THIRD-PARTY DEFENDANT | )<br>) |

THIRD-PARTY COMPLAINT OF
DEFENDANT-IN-COUNTERCLAIM CAPE WIDE INSURANCE AGENCY, INC.

Count I

1. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., is a duly organized corporation with a usual place of business in West Chatham, Massachusetts.

2. The third-party defendant, Crosby Yacht Yard, Inc., is a duly organized corporation with a usual place of business in Osterville, Massachusetts.

3. Cape Wide Insurance Agency, Inc. is a defendant-in-counterclaim in an action now pending in the United States District Court in Boston, Massachusetts, entitled <u>Markel American Insurance Company</u> vs. <u>Robert Madonna</u> vs. <u>Markel American Insurance Company and Cape Wide Insurance Agency, Inc., as Defendants-in-Counterclaim</u>, Docket No. 04-CV-10795-JGD. A copy of the Complaint in said action is attached hereto and marked "A," and a copy of the Answer and Counter-claim is attached hereto and marked "B."

4. As reflected in both the Complaint and Counterclaim, said action arises out of a fire at the premises of Crosby Yacht Yard, Inc. located in Osterville, Massachusetts, on or about December 10, 2003, at which time a 2000 29-foot Crosby Hawk power vessel ("Crosby vessel"), owned by the defendant and plaintiff-in-counterclaim, Robert Madonna, was totally destroyed. It is alleged that the value of said Crosby vessel was $283,000.00.

5. At the time and place of the fire, the Crosby vessel was being stored by its owner, Robert Madonna, pursuant to due consideration paid by him to the third-party defendant, Crosby Yacht Yard, Inc.

6. As reflected in the Counterclaim marked "B," Robert Madonna alleges that the defendant-in-counterclaim Cape Wide Insurance Agency, Inc. failed to provide insurance coverage for the damage to his power vessel. In its Answer to said Counterclaim (a copy of which is attached hereto and marked "C"), the defendant-in-counterclaim Cape Wide Insurance Agency, Inc. denies that it breached any duty to the plaintiff-in-counterclaim, Robert Madonna, and states that it did provide coverage for said vessel through Markel American Insurance Company.

7. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., states that if it is found liable to the plaintiff-in-counterclaim, Robert Madonna, then the third-party defendant, Crosby Yacht Yard, Inc., is liable to it as the damage to the Crosby vessel owned by Robert Madonna was due to the breach by the third-party defendant, Crosby Yacht Yard, Inc., of its duty to properly store and/or protect said vessel from any fire and resulting damage.

8. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., states that the storage of the Crosby vessel for due consideration created a bailment of said vessel and that the third-party defendant, Crosby Yacht Yard, Inc., through its negligence and carelessness, was a cause of the fire which damaged said vessel and/or failed to

exercise due care to prevent the loss or destruction of said vessel and, thereby, was a proximate cause of said damage.

9. In no way were the actions of the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., the cause of the fire which destroyed the Crosby vessel.

10. If the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., is found liable to the plaintiff-in-counterclaim, Robert Madonna, then the third-party defendant, Crosby Yacht Yard, Inc., is liable to indemnify it for the full amount of the damage as Crosby Yacht Yard, Inc. was the sole party to this action whose acts and/or omissions caused the damage to the Crosby vessel.

WHEREFORE, the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., requests this Honorable Court to award damages, interest, and other remedies against the third-party defendant, Crosby Yacht Yard, Inc., as it deems just and proper.

Count II

1. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., realleges and reavers its allegations contained in paragraphs 1 through 9 of Count I of the Third-party Complaint and incorporates the same herein by reference.

2. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., states that if it is found liable to the plaintiff-in-counterclaim, Robert Madonna, then the third-party defendant, Crosby Yacht Yard, Inc., is a joint tortfeasor and is liable to it for contribution for payment of said damage.

WHEREFORE, the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., requests this Honorable Court to award damages, interest, and other remedies against the third-party defendant, Crosby Yacht Yard, Inc., as it deems just and proper.

Count III

1. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., realleges and reavers its allegations contained in paragraphs 1 through 9 of Count I of the Third-party Complaint and incorporates the same herein by reference.

2. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., states that if it is found liable to the plaintiff-in-counterclaim, Robert Madonna, then it is a third-party beneficiary to any contract between Robert Madonna and the third-party defendant, Crosby Yacht Yard, Inc., to store the Crosby vessel; and, thus, the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance

Agency, Inc., is entitled to all damages arising out of the breach of said contract.

WHEREFORE, the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., requests this Honorable Court to award damages, interest, and other remedies against the third-party defendant, Crosby Yacht Yard, Inc., as it deems just and proper.

Count IV

1. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., realleges and reavers its allegations contained in paragraphs 1 through 9 of Count I of the Third-party Complaint and incorporates the same herein by reference.

2. The defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., states that if it is found liable to the plaintiff-in-counterclaim, Robert Madonna, then it will have a subrogation right to any action Robert Madonna would have against the third-party defendant, Crosby Yacht Yard, Inc.; and, thus, the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., is entitled to all damages arising out of said subrogated interest.

WHEREFORE, the defendant-in-counterclaim/third-party plaintiff, Cape Wide Insurance Agency, Inc., requests this

Honorable Court to award damages, interest, and other remedies against the third-party defendant, Crosby Yacht Yard, Inc., as it deems just and proper.

THE DEFENDANT-IN-COUNTERCLAIM/THIRD-PARTY PLAINTIFF, CAPE WIDE INSURANCE AGENCY, INC., CLAIMS A TRIAL BY JURY BOTH IN THE COUNTERCLAIM AGAINST IT AND IN ITS THIRD-PARTY ACTION.

By its Attorneys,

FOLAN & McGLONE, P.C.

By: _____
John F. Folan
B.B.O. No. 173300
Post Office Box 2095
New Bedford, Massachusetts 02741-209

Tel. No. (508) 992-9800

Dated: December 16, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on December 16, 2004.

_____
John F. Folan
Folan & McGlone, P.C.