UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY | Civil Action No. 04-CV-10795-JGD |
| v. | |
| ROBERT MADONNA | |
| v. | |
| MARKEL AMERICAN INSURANCE COMPANY and CAPE WIDE INSURANCE AGENCY, INC. | |
| v. | |
| CROSBY YACHT YARD, INC. | |

## ANSWER OF THIRD PARTY DEFENDANT CROSBY YACHT YARD, INC.

Now comes the third party defendant, Crosby Yacht Yard, Inc., (hereinafter, "Crosby"), in the above captioned matter, by and through its undersigned attorneys, Holbrook & Murphy, and respectfully files its Answer to the Third Party Complaint as follows:

1. Third party defendant Crosby is without knowledge as to the allegations contained in Paragraph 1 and therefore denies same.

2. Third party defendant Crosby admits the allegations contained in Paragraph 2.

3. Third party defendant Crosby admits the allegations contained in Paragraph 3.

4. Third party defendant Crosby admits there was a fire at its premises on about December 10, 2003, and that a vessel owned by Robert Madonna was damaged, but denies the remaining allegations contained in Paragraph 4.

5. Third party defendant Crosby admits a vessel owned by Robert Madonna was at its facility, denies the remaining allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 do not pertain to the third party defendant and require no Answer.

7. The third party defendant denies the allegations contained in Paragraph 7.

8. The third party defendant denies the allegations contained in Paragraph 8.

9. The allegations contained in Paragraph 9 do not pertain to the third party defendant and require no Answer. To the extent an Answer is required, the third party defendant denies same.

10. The third party defendant denies the allegations contained in Paragraph 10.

WHEREFORE, third party defendant prays that Count I be dismissed together with costs and attorneys fees.

## COUNT II

1. The third party defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Ten (10), inclusive, of its Answer and incorporates same by reference herein.

2. The allegations contained in Paragraph 2 are statements of law requiring no Answer of the third party defendant. To the extent an Answer is required, the third party defendant denies same.

WHEREFORE, third party defendant prays that Count II be dismissed together with costs and attorneys fees.

## COUNT III

1. The third party defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Ten (10), inclusive, of its Answer and incorporates same by reference herein.

2. The allegations contained in Paragraph 2 are statements of law requiring no Answer of the third party defendant. To the extent an Answer is required, the third party defendant denies same.

WHEREFORE, third party defendant prays that Count III be dismissed together with costs and attorneys fees.

## COUNT IV

1. The third party defendant reiterates and re-affirms all of its Answers contained in Paragraphs One (1) through Ten (10), inclusive, of its Answer and incorporates same by reference herein.

2. The allegations contained in Paragraph 2 are statements of law requiring no Answer of the third party defendant. To the extent an Answer is required, the third party defendant denies same.

WHEREFORE, third party defendant prays that Count IV be dismissed together with costs and attorneys fees.

## **AFFIRMATIVE DEFENSES**

Now comes the third party defendant and incorporates the following Affirmative Defenses into each and every COUNT contained in its Answer to Third Party Complaint as follows:

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, the third party defendant states that if the vessel was damaged as alleged herein, which is specifically denied, it was due to the action and/or omissions of individuals for whom the third party defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that if the vessel was damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an Act of God, for which the third party defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that if the vessel was damaged as alleged herein, which is specifically denied, said damage was sustained as a result of an intervening and/or superseding act that was not the fault or responsibility of the third party defendant.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that the Third Party Complaint fails to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that the Third Party Complaint should be dismissed under the doctrines of estoppel and/or waiver.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that the third party plaintiff's allegations, fail to state a cause of action upon which relief can be granted.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that if the third party plaintiff is entitled to damages, which is specifically denied, said damages are limited to contract damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that the Third Party Complaint is barred by the applicable statute of limitations.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that the Third Party Complaint is barred by laches.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that the third party plaintiff has failed to state a claim upon which relief can be granted because the third party defendant is contractually immune from liability pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that Robert Madonna is required to indemnify and hold the third party defendant harmless pursuant to the agreement between the parties.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that it owes no duty of care to Robert Madonna because it did not exercise sufficient care, custody or control over the subject vessel.

AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that storage of the vessel was merely a lease of space and therefore the third party defendant does not owe a duty of care to the third party plaintiff and/or Robert Madonna.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE

DEFENSE, the third party defendant states that if the third party plaintiff sustained damages as alleged herein, which is specifically denied, it was due to the criminal and unlawful action and/or omissions of individuals for whom the third party defendant is not legally responsible.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that if the third party plaintiff sustained damages as alleged herein, which is specifically denied, the third party plaintiff has failed and refused to provide documentary proof of said damages.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, the third party defendant states that if the third party plaintiff's insureds sustained damages, which is specifically denied, said damages are limited by law to the value of the vessel.

AND FURTHER ANSWERING AND AS A COMPLETE AND SEPARATE DEFENSE, third party defendant states the Third Party Complaint fails to state a cause of action upon which relief can be granted because Robert Madonna agreed with the third party defendant before December 10, 2003, to shift the risk of loss to Robert Madonna or his underwriter(s).

**WHEREFORE,** the third party defendant prays that the above Third Party Complaint be dismissed together with costs and reasonable attorneys' fees.

The Third Party Defendant,
By its attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**Certificate of Service**

6

     I hereby certify that on March 7, 2005, I electronically filed the Answer of Third Party Defendant Crosby Yacht Yard, Inc. with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John F. Folan, Folan & McGlone, P.C., Post Office Box 2095, New Bedford, MA  02741; Lauren Motola-Davis, Mahoney & Miller, LLP, 121 South Main Street, Providence, RI  02903; and Richard E. Gentilli, Bartlett Hackett Feinberg, P.C., 10 High Street, Suite 920, Boston, MA  02110.

     /s/ Seth S. Holbrook
Seth S. Holbrook, BBO# 237850
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com