UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

No. 04-CV-10795-JGD

Markel American Insurance Company, )
                PLAINTIFF  )
                             )
vs.  )
                             )
Robert Madonna,  )
             DEFENDANT/  )
   PLAINTIFF-IN-COUNTERCLAIM  )
                             )
vs.  )
                             )
Markel American Insurance Company )
and Cape Wide Insurance Agency,  )
Inc.,  )
  DEFENDANTS-IN-COUNTERCLAIM  )
                             )
AND  )
                             )
Cape Wide Insurance Agency, Inc., )
  DEFENDANT-IN-COUNTERCLAIM/  )
    THIRD-PARTY PLAINTIFF  )
                             )
vs.  )
                             )
Crosby Yacht Yard, Inc.,  )
    THIRD-PARTY DEFENDANT  )

STATEMENT OF FACTS OF
DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, ROBERT MADONNA

    Now comes the defendant/plaintiff-in-Counterclaim, Robert Madonna ("Madonna"), by and through his attorneys, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, files this Statement of Facts with attachments as identified below and further states as follows:

    1.   Cape Wide first started doing business with Markel in 2000.  (Eldredge dep., p. 12 l.1-3.)

2. The procedure for placing a policy of insurance was to complete one of Markel's applications and fax it to Markel at the one fax number provided to Eldredge. (<u>Eldredge</u> dep., p. 16 l.9-21.)

3. Cape Wide placed approximately 10 policies with Markel through the end of 2003. Cape Wide placed two policies for Robert Madonna, of which one policy had two vessels. (<u>Eldredge</u> dep., p. 17 l.11 through p. 18 l.1.)

4. The procedure for changing coverage with Markel for an insured of Cape Wide who changed or added a boat on a policy was for Cape Wide to complete a fax cover sheet requesting the change and attaching the appropriate documents concerning the new vessel, and then fax it all to Markel. (<u>Eldredge</u> dep., p. 18 l.2-18.)

5. The time line between submission by Cape Wide of the change of vessel being insured and receipt of endorsement from Markel varied. "10 days, two weeks up to six months." Mr. Eldredge did not know the reason for the delay. (<u>Eldredge</u> dep., p. 19 l.2-13.)

6. On June 16, 2003, Mr. Eldredge personally faxed a cover sheet with supporting documents to Markel requesting a change in coverage from a 1996 Tiara to a 2003 Tiara. (<u>Eldredge</u> dep., p. 26 l.23 through p. 27 l.22.)

7. On December 11, 2003, Mr. Eldredge faxed an ACORD loss form and the material previously faxed on June 16, 2003, seeking change of coverage, to Jessi at Markel. The fax was

sent to number 9448 (last 4 digits of fax line) at Jessi's request. On that document, Mr. Eldredge crossed out the last 4 numbers of the fax machine (3288) to which he sent the June 16, 2003, request to change coverage. (Eldredge dep., p. 28 l.15 through p. 29 l.21.)

8. On June 16, 2003, Mr. Eldredge faxed documents to change coverage to a 2003 Tiara vessel to Markel at 262-548-3288. Cape Wide's bill from Verizon (Exhibit 3) reflects a facsimile transmission to that number for 2.3 minutes on June 16, 2003. (Eldredge dep., p. 30 l.12 through p. 31 l.19, including Exh. 3.)

9. On June 24, 2003, Mr. Eldredge faxed documents to Markel at 262-548-3288 to change coverage to the 2000 Crosby yacht. Cape Wide's bill from Verizon (Exhibit 6) reflects a facsimile transmission to that number for 1.4 minutes on June 24, 2003. (Eldredge dep. p. 41 l.11 through p. 42 l.12, including Exh. 6.)

10. On December 11, 2003, after the fire loss, Mr. Eldredge faxed an ACORD loss form to Markel. He reported the damaged boat to be the 2003 Tiara as that vessel is what Mr. Madonna reported to him. After a phone call with Jessi at Markel, he re-faxed Exhibits 2 and 9 to her at the fax number designated by her. (Eldredge dep., p. 47 l.19 through p. 50 l.15, including Exhs. 2 and 9.)

11. On approximately three occasions prior to June, 2003, Mr. Eldredge used the same procedure to change a vessel on a Markel policy as he did with Mr. Madonna. The coverages

were changed and the turn-around time on one occasion was two weeks and on another occasion, three months. (Eldredge dep., p. 60 l.12 through p. 61 l.11.)

12. Thomas Conroy testified as the designee for the plaintiff, Markel, pursuant to Fed. Rules of Civil Procedure 30(b)(5) and 30(b)(6). (Conroy dep., p. 12 l.1 through p. 14 l.5.)

13. In 2000, Markel had "marketing general agents" such as XS Brokers Insurance Agency, Inc. which had a contract to sell insurance with Markel's products. (Conroy dep., p. 18 l.12 through p. 19 l.5.)

14. In or about June, 2000, XS Brokers Insurance Agency, Inc. acted as a broker for other insurance agents selling Markel's products. (Conroy dep., p. 20 l.19 through p. 20 l.14.)

15. From January, 2000, to the date of Conroy's deposition (August 17, 2005), Markel allowed changes of identification of a vessel on an existing policy to be done by the insurance agent sending a facsimile transmission directly to Markel. (Conroy dep., p. 30 l.19-24.)

16. Markel would allow more than one boat on an insurance policy so long as the boats fell within certain programs authorized by Markel. (Conroy dep., p. 35 l.15-23.)

17. Markel's policy No. RD0000503 for the defendant/plaintiff-in-Counterclaim, Robert Madonna, originally covered two vessels: a 1996 Tiara and a 2000 Pursuit, as they fell within the "seasoned yacht program." (Conroy dep., p. 38 l.5-12.)

18. The fax number on Exhibit 5 from Cape Wide contains the number 262-548-3288 as a fax number which reaches Markel's customer service department. (Conroy dep., p. 38 l.13-20, including Exh. 5.)

19. The fax number which reaches the marine underwriting department is 262-548-9448. Mr. Conroy is not certain if that fax number was in existence in June of 2003. (Conroy dep., p. 39 l.2-8.)

20. In June of 2003, the fax machine responding to telephone number 262-548-3288 went to the customer service department which is in a cubicle next to the underwriting department, and said departments are 20 steps apart. (Conroy dep., p. 39 l.4 through p. 40 l.2.)

21. It was permitted for a person in Markel's customer service department to take a fax to other departments. (Conroy dep., p. 40 l.3 through p. 41 l.6-10.)

22. The document from Markel Marine Service Center (Exhibit 12) indicates fax number 262-548-3288. (Conroy dep., p. 56 l.18 through p. 57 l.18, including Exh. 12.)

23. Markel has no records reflecting receipt of the June 16 and June 24, 2003, faxes. (Conroy dep., p. 62 l.14-16.)

24. Mr. Conroy was not aware of any one person in the customer service department who was responsible for clearing faxes in 2003. Today, there is a person devoted to clearing faxes in the customer service department. (Conroy dep., p. 96 l.9-17.)

25. In 2003, the fax machine for 262-548-3288 was located in a hallway at Markel. (<u>Conroy</u> dep., p. 96 l.18-24.)

26. The document of Markel American Insurance Company addressed to "Dear Markel Marine Agent," attached to the Affidavit of William Eldredge, was received on or about June 22, 2000, by Cape Wide. (Affidavit of William Eldredge.)

27. On or about September 15, 2005, Robert Madonna settled his claim against Cape Wide for the damage to his vessel and, in said settlement agreement, assigned his rights to other parties, including Markel American Insurance Company. (Copy of Settlement Agreement.)

By his Attorneys,

FOLAN & McGLONE, P.C.

By: _____
John F. Folan
B.B.O. No. 173300
Post Office Box 2095
New Bedford, Massachusetts 02741-2095

Tel. No. (508) 992-9800

Dated: February 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail, postage prepaid, on February 1, 2006.

_____
John F. Folan
Folan & McGlone, P.C.

6