UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
IN ADMIRALTY

No. 04-CV-10795-JGD

Markel American Insurance Company, )
    PLAINTIFF )
)
vs. )
)
Robert Madonna, )
    DEFENDANT/ )
    PLAINTIFF-IN-COUNTERCLAIM )
)
vs. )
)
Markel American Insurance Company )
and Cape Wide Insurance Agency, )
Inc., )
    DEFENDANTS-IN-COUNTERCLAIM )
)
AND )
)
Cape Wide Insurance Agency, Inc., )
    DEFENDANT-IN-COUNTERCLAIM/ )
      THIRD-PARTY PLAINTIFF )
)
vs. )
)
Crosby Yacht Yard, Inc., )
    THIRD-PARTY DEFENDANT )

### RESPONSE OF DEFENDANT/PLAINTIFF-IN-COUNTERCLAIM, ROBERT MADONNA, TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Now comes the defendant/plaintiff-in-Counterclaim, Robert Madonna ("Madonna"), pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the District of Massachusetts, and hereby responds to the Plaintiff's Statement of Undisputed Material Facts In Support of Motion for Summary Judgment.

    1. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph.

    2. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 2.

3. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 3.

4. The defendant/plaintiff-in-Counterclaim, Madonna, admits that Markel, after submission of the claim by Cape Wide, denied the claim, alleging that it never received any request for coverage. Madonna does not admit that the facsimile was never received by Markel.

Madonna states that there is evidence that the request for coverage was sent by Cape Wide to Markel via facsimile transmittal, a procedure established by Markel, and that records reflect that the facsimile transmission was sent by Cape Wide to a telephone/facsimile number designated by Markel. (Please see Statement of Facts of Defendant/Plaintiff-in-Counterclaim, Robert Madonna, filed herewith.)

5. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 5.

6. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 6.

7. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 7.

8. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 8.

9. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 9.

10. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 10.

11. The defendant/plaintiff-in-Counterclaim, Madonna, admits the facts set forth in paragraph 11.

12. The defendant/plaintiff-in-Counterclaim, Madonna, admits the facts set forth in paragraph 12.

13. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 13.

14. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 14.

15. The defendant/plaintiff-in-Counterclaim, Madonna, admits that the information contained in paragraph 15 is Markel's contention and is the testimony of its designee, Thomas Conroy, at his deposition taken on August 17, 2005.

16. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 16.

17. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 17.

18. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 18.

19. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 19.

20. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 20.

21. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 21.

22. The defendant/plaintiff-in-Counterclaim, Madonna, admits that Exhibits "G" and "H" are true copies of the facsimile cover sheets sent to Markel by Cape Wide. Madonna states that additional documents were enclosed with each facsimile.

23. The defendant/plaintiff-in-Counterclaim, Madonna, *admits* the matters set forth in paragraph 23.

24. The defendant/plaintiff-in-Counterclaim, Madonna, admits that the information contained in paragraph 24 is Markel's contention and is the testimony of its designee, Thomas Conroy, at his deposition taken on August 17, 2005.

25. The defendant/plaintiff-in-Counterclaim, Madonna, *admits* the matters set forth in paragraph 25.

26. The defendant/plaintiff-in-Counterclaim, Madonna, *admits* the matters set forth in paragraph 26.

27. The defendant/plaintiff-in-Counterclaim, Madonna, *admits* the matters set forth in paragraph 27.

28. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 28 and further contends that said facsimile is supported by Cape Wide's telephone/fax line bills from Verizon. (Please see Statement of Facts of Defendant/Plaintiff-in-Counterclaim, Robert Madonna, filed herewith.)

29. The defendant/plaintiff-in-Counterclaim, Madonna, admits that there was no response to Cape Wide's request between June 16/24, 2003, and December 12, 2003.

30. The defendant/plaintiff-in-Counterclaim, Madonna, *does not agree* with the matter set forth in paragraph 30 as it is a conclusion of law.

31. The defendant/plaintiff-in-Counterclaim, Madonna, agrees with the statement referred to in William Eldredge's deposition testimony on pages 6, 9, 10, and 11 as referenced

in paragraph 31. Madonna <u>does not agree</u> that the facts which Markel contends were contained on page 12 of William Eldredge's deposition are the facts alleged in this paragraph.

32. The defendant/plaintiff-in-Counterclaim, Madonna, <u>admits</u> the matters set forth in paragraph 32.

33. The defendant/plaintiff-in-Counterclaim, Madonna, <u>does not agree</u> with the characterization of the testimony of William Eldredge on page 13. Madonna admits that William Eldredge testified that he had no formal document with which to do business with Markel. On lines 20 through 23, Mr. Eldredge testified:

> "There was no license application that we had to complete. We had to complete applications to use the brokerage firm, XS Brokers, and they offer us their product."

34. The defendant/plaintiff-in-Counterclaim, Madonna, <u>admits</u> the matters set forth in paragraph 34.

35. The defendant/plaintiff-in-Counterclaim, Madonna, <u>admits</u> the matters set forth in paragraph 35.

36. The defendant/plaintiff-in-Counterclaim, Madonna, admits that Cape Wide did not have authority from Markel to "actually" bind coverage for it. Madonna states that based upon custom and prior dealings between Markel and Cape Wide, it may be determined that Cape Wide was acting for Markel when amending coverage.

37. The defendant/plaintiff-in-Counterclaim, Madonna, <u>admits</u> the matters set forth in paragraph 37.

38. The defendant/plaintiff-in-Counterclaim, Madonna, <u>admits</u> the matters set forth in paragraph 38.

39. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 39.

40. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 40.

41. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 41.

42. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 42.

43. The defendant/plaintiff-in-Counterclaim, Madonna, states that this statement is a characterization of the facts alleged in paragraph 42. The content of said statement speaks for itself.

44. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 44. Madonna states that William Eldredge testified that there were additional documents faxed to Markel and that those records are part of his testimony. Madonna further states that on page 40 Mr. Eldredge stated that he attached the Purchase and Sale Agreement to the fax. (Please see Statement of Facts of Defendant/Plaintiff-in-Counterclaim, Robert Madonna, filed herewith.)

45. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 45.

46. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 46.

47. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 47. Madonna states that any allegations or characterizations of the statement or

correspondence by the insurance investigator are set forth in the correspondence of April 6, 2004.

    48. The defendant/plaintiff-in-Counterclaim, Madonna, <u>admits</u> the matters set forth in paragraph 48.

    49. The defendant/plaintiff-in-Counterclaim, Madonna, admits the matters set forth in paragraph 49. Madonna states that the Release and Settlement agreement speaks for itself.

    50. The defendant/plaintiff-in-Counterclaim, Madonna, does not admit the allegation set forth in paragraph 50 as it states a conclusion of law.

    51. The defendant/plaintiff-in-Counterclaim, Madonna, does not admit the allegation set forth in paragraph 51 as it states a conclusion of law.

By its Attorneys,

FOLAN & McGLONE, P.C.

By: _____
John F. Folan
B.B.O. No. 173300
Post Office Box 2095
New Bedford, Massachusetts 02741-2095

Tel. No. (508) 992-9800

Dated: February 1, 2006


CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail, postage prepaid, on February 1, 2006.

_____
John F. Folan
Folan & McGlone, P.C.